IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-CR-024-SEH |
| CHRISTOPHER RAY BARRETT, | |
| Defendant. | |

### DEFENDANT'S MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT

Defendant, Christopher Ray Barrett, asks this court to dismiss Count Four of the Second Superseding Indictment pursuant to Rule 12(b)(3)(B)(iii) and the Fifth and Sixth Amendments of the United States Constitution, on the grounds that Court Four lacks specificity and is insufficient to put Mr. Barrett on fair notice of the crime charged.

### INDICTMENT

The Government filed its Four Count Second Superseding Indictment against Mr. Barrett on August 19, 2025 with the following charge, labeled as "Conspiracy to Tamper with a Witnesses [sic], Victims [sic], and Informants [sic]" and reads as follows:

> From on or about January 1, 2025, to on or about the date of this Second Superseding Indictment, in the Northern District of Oklahoma and elsewhere, the defendants . . . together and with others both known and unknown to the Grand Jury, willfully, knowingly, and intentionally combined, conspired, confederated, and agreed to intimidate, threaten, and corruptly persuade, and engage in misleading conduct toward witnesses and victims known to the Grand Jury, with the intent to influence, delay, and prevent their testimony in an official proceeding.
> All in violation of Title 18, United States Code, Sections 1512(k) 1512(b)(1).

## ARGUMENT AND AUTHORITIES

An indictment must "set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting United *States v. Carll*, 105 U.S. 611, 612 (1882)). "[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." … This prohibition derives from the Fifth Amendment guarantee that "[n]o person shall be held to answer for a[n] ... infamous crime, unless on a presentment or indictment of a Grand Jury," … as well as the Sixth Amendment's assurance of a defendant's right "to be informed of the nature and cause of the accusation" against him or her. *United States v. Farr*, 536 F.3d 1174, 1179 (10th Cir. 2008) (further citations and quotations omitted). A defendant "is prejudiced in his defense" when "he cannot anticipate from the indictment what evidence will be presented against him or [he] is exposed to the risk of double jeopardy." *United States v. Hamilton*, 992 F.2d 1126, 1130 (10th Cir. 1993) (discussing whether variance from indictment had occurred at trial).

Insufficient indictments "infringe a defendant's Fifth Amendment right to be convicted on facts found by a grand jury" and infringe "a defendant's Sixth Amendment right 'to be clearly informed of the nature and the cause of the accusation …'" *United States v. Stoner*, 98 F.3d 527, 532-33 (10th Cir. 1996) (additional citations omitted); *see also Russell v. United States*, 369 U.S. 749, 770 (1962) (an indictment "must do more than restate the language of the statute" in order "to ensure that any conviction would arise out of the theory of guilt presented to the grand jury"); *United States v. Sumner*, 89 F. Supp. 3d 1161, 1166 (N.D. Okla. 2015) (facts that are "crucial" to the determination of whether the defendant violated the statute must be included in the indictment).

The Tenth Circuit has said that "where the indictment quotes the language of a statute and includes the date, place, and nature of the illegal activity, it need not go further and allege in detail

the factual proof that will be relied upon to support the charges." *United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014), *quoting United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008). See also *United States v. Pride*, 2023 WL 3649813 at *2 (E.D. Okla. 2023). The crux is how the Government alleges the "nature of the illegal activity."

It needs to be noted that the First Superseding Indictment also charged Mr. Barrett and his co-defendants with witness tampering. However, that Indictment specifically alleged that the defendants engaged in this conduct toward J.K. (Doc. 36). The Government's failure to name the alleged victims or witnesses, as well as their failure to allege what official proceeding the defendants were attempting to prevent the witnesses or victims from testifying at, is fatal and this Court should thus dismiss Count Four.

In the Second Superseding Indictment, the language of Count Four fails to state even the bare minimum of the two elements of Witness Tampering. *See* Tenth Circuit Pattern Jury Instructions Criminal § 2.25. The elements listed in the pattern instruction are "First: the defendant used or attempted to use [intimidation] [threats] [corrupt persuasion] [misleading conduct] against [ —— ]; Second: the defendant acted knowingly and with the intent to influence [delay] [prevent] the testimony of [ —— ] with respect to [describe official proceeding], an official proceeding." *Id*. The Government fails to state who the defendants are alleged to have tampered with and fails to describe what proceeding they are alleging the defendants interfered with.

1. **Failure to List a Victim/Witness**

The Second Superseding Indictment fails to list a victim, only stating "victims and witnesses known to the Grand Jury." By failing to list a victim, Mr. Barrett cannot anticipate what evidence will be presented against him. It also allows the Government to roam free and convict Mr. Barrett of tampering with a witness who was not found by the Grand Jury. Specificity is

3

essential because it would be a "constructive amendment" to the Indictment to allow the Government to put on proof at trial regarding "witnesses" that was not presented to the grand jury. *See United States v. Bishop*, 469 F.3d 896, 901–03 (10th Cir.2006), *abrogated in part on other grounds by Gall v. United States*, 552 U.S. 38 (2007). A constructive amendment violates a criminal defendant's Fifth and Sixth Amendment rights. *United States v. Cruz–Rodriguez*, 570 F.3d 1179, 1182 (10th Cir.2009).

Additionally, failure to specify a victim could result in a non-unanimous jury. By only stating "witnesses and victims known and unknown to the grand jury" it is possible that some members of the jury could convict Mr. Barrett of tampering with one witness, and other jury members may convict on tampering with a different witness. The Fifth Amendment requires that a felony defendant be tried only on an offense alleged in a grand jury indictment. *United States v. Miller*, 471 U.S. 130, 135, 140 (1985). Fed. R. Crim. P. 31(a) governing verdicts in federal criminal trials states that "[t]he verdict shall be unanimous." Failing to list a specific witness/victim in the indictment could result in a jury verdict that is not unanimous.

Finally, the Indictment's failure to list a victim/witness in Count Four could result in a violation of Mr. Barrett's right against double jeopardy. "A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment." *Dunn v. United States*, 442 U.S. 100, 105 (1979). "[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325 (1984). Because the Government has failed to list a victim/witness in Count Four it is unknown who the Grand Jury found that witness to be. The Government could conceivably reindict Mr. Barrett after an acquittal for the same offense and present evidence of a different victim/witness at trial. Despite falling under the

protection of the Double Jeopardy Clause, Mr. Barrett could be retried for the same offense that the Grand Jury indicted him for originally, but because of the lack of specificity in the Indictment this, Court and Mr. Barrett would have no way of knowing.

2. **Failure to state the official proceeding**

The Second Superseding Indictment is also insufficient for failing to state the "official proceeding" that the witnesses would have been testifying at. The term "official proceeding" refers to federal proceedings and proceedings before an insurance regulator. *United States v. Sutton*, 30 F.4th 981, 984 (10th Cir. 2022). In *Sutton*, the Tenth Circuit found that the government is required to prove two elements regarding the "official proceeding." *Id.* at 988–89. First the government must prove that the "defendant contemplated a particular official proceeding[,]" and second that "a reasonable likelihood existed that the proceeding would be federal." *Id*. The way the Government has charged count four it is impossible to determine what the official proceeding is and whether it was foreseeable that the proceeding would be federal.

Mr. Barrett was initially arrested by Tulsa Police Officers on January 1, 2025. He was charged in Tulsa County District Court on January 7, 2025, in CF-2025-91 with Robbery with a Firearm, Possession of a Firearm AFCF, and Possession of a Stolen Vehicle. From the time Mr. Barrett was arrested until the initial appearance was conducted on January 22, 2025, Mr. Barrett had no reason to believe that any proceedings were likely to be federal. *See Sutton*, 30 F.4th at 989. Because the Indictment's date range on Count Four is so broad (alleging the conduct occurred between January 1, 2025, and August 19, 2025) it is impossible for Mr. Barrett to know what proceeding he is alleged to have tampered with and whether or not that proceeding was federal. His Tulsa County district court case was not dismissed until March 19, 2025.

The Tenth Circuit has clearly made the "official proceeding" an element of the offense, and the Government's failure to list that proceeding is insufficient to put Mr. Barrett on fair notice of the charge against him. *Id.*; *See also United States v. Kaplan*, 490 F.3d 110, 126–27 (2nd Cir. 2007) (noting that the jury instructions should have identified the particular federal proceeding that the defendant intended to obstruct). Because the Indictment has not identified any proceeding in which Mr. Barrett is alleged to have interfered with and because there are a multitude of proceedings that have or could still occur between Mr. Barrett's arrest and now, Count Four is insufficient and must be dismissed. *United States v. Murphy*, 762 F.2d 1151, 1154-55 (1st Cir. 1985). Furthermore, a Bill of Particulars is insufficient because an invalid indictment cannot be cured by a Bill of Particulars. *Russell v. United States*, 369 U.S. 749, 770, (1962).

## CONCLUSION

Mr. Barrett respectfully requests this Court to find that the Indictment is insufficient to put him on fair notice of the charges against him and grant his motion to dismiss.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

JULIA L. O'CONNELL, FEDERAL PUBLIC DEFENDER

By: s /*Chance Cammack*
    Chance Cammack, OBA No. 31011
    ASSISTANT FEDERAL PUBLIC DEFENDER
    One West Third Street, Suite 1225
    Tulsa, Oklahoma 74103
    (918) 581-7656

**COUNSEL FOR THE DEFENDANT**

**C<small>ERTIFICATE OF</small> S<small>ERVICE</small>**

I hereby certify that on the 12th day of November 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mike Flesher, AUSA
Jessica Wright, AUSA
U<small>NITED</small> S<small>TATES</small> A<small>TTORNEYS</small> O<small>FFICE</small>

*s/Chance Cammack*
Chance Cammack,
A<small>SSISTANT</small> F<small>EDERAL</small> P<small>UBLIC</small> D<small>EFENDER</small>