IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                  )<br>        Plaintiff,  )<br>                                  )<br>v.                                    )<br>                                  )<br>                                  )<br>CHRISTOPHER RAY BARRETT,  )<br>                                  )<br>       Defendant.  ) | Case No. 25-CR-024-SEH |

**DEFENDANT'S OBJECTION TO USE OF PRIOR CONVICTIONS UNDER 609(a)(1)**

Christopher Barrett, by and through undersigned counsel, objects to the Government's notice of intent to impeach pursuant to Rule 609(a)(1), Dkt. No. 94, and moves this Court for an Order to exclude evidence of his prior convictions at trial. Overall, the five factors for the Court to consider weigh in favor of exclusion: Mr. Barrett's prior convictions have little to no impeachment value, many of his prior convictions are similar in nature to the presently charged conduct, his testimony would be important for trial, and his credibility, while at issue, can be appropriately weighed by the jury without the inclusion of his prior convictions. In support of this motion, Mr. Barrett presents the following argument and authority:

**PROCEDURAL BACKGROUND**

Mr. Barrett is charged in a Second Superseding Indictment with four counts: Carjacking in violation of 18 U.S.C. § 2119(1); Carrying, Using, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and Conspiracy to Tamper with a Witness, Victim, and Informant in violation of 18 U.S.C. §§ 1512(k) and 1512(b)(1). (Doc. 78).

## ARGUMENT AND AUTHORITY

Evidence of a witness's prior criminal conviction may be introduced at trial to impeach the credibility of a witness, including the defendant, should they choose to testify. Fed. R. Evid. 609(a). Evidence admitted pursuant to Fed. R. Evid. 609(a)(1) is subject to the Rule 403 balancing test, whereas evidence admitted pursuant to Fed. R. Evid. 609(a)(2) is not. *See Burke v. Regalado*, 935 F.3d 960, 1018-19 (10th Cir. 2019); see also *Mattiaccio v. DHA Grp., Inc.*, No. 12-1249-CKK, 2019 WL 6498865, at *12 (D.D.C. Dec. 3, 2019) ("Evidence of a conviction admissible under Rule 609(a)(1) is subject to Rule 403, while evidence admissible under Rule 609(a)(2) is not.").

To determine whether a prior conviction is admissible under Rule 609(a)(1), the 10th Circuit has identified five factors for the court to consider: (1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.05[3][a] (Joseph A. McLaughlin, ed., Matthew Bender, 2d ed. 2013)).

The government's notice includes four prior convictions that are at issue:

| Case No. | Charge | Date of Conviction | Date of Release from Confinement |
|---|---|---|---|
| CF-2015-0093 (Ottawa County, OK) | Felon in possession of a firearm | 06/02/2015 | 08/02/2024 |
| CF-2015-0293 (Ottawa County, OK) | Aggravated Eluding; Attempted Escape; Leaving the scene of an accident; possession of a stolen vehicle | 10/24/2016 | 08/02/2024 |
| CF-2015-0294 (Ottawa County, OK) | Larceny of a vehicle x3 | 10/24/2016 | Suspended Sentence |
| CF-2015-5069 (Tulsa County, OK) | Larceny of a vehicle | 03/07/2018 | 08/12/2021 |

Mr. Barrett has other convictions that are prohibited under 609(b), as more than 10 years have passed since Mr. Barrett's release from confinement. To determine the admissibility of the above convictions, the Court must analyze their admissibility under *Smalls*.

1. **Impeachment value**

The first factor courts look to is the impeachment value of the prior crime. *United States v. Grove*, 844 F. Supp. 1495, 1497-98 (D. Utah 1994). The more that crime seems related to veracity, the greater its probative value for impeachment purposes. *See United States v. Ahaisse*, Case No. 2020-CR-0106-CVE, 2021 WL 2290574, at *1–2 (N.D. Okla. June 4, 2021). Neither crimes of violence nor possession of firearms by felons have much impeachment value. *See, e.g. United States v. Barker*, Case No. 21-CR-175-JFH, 2023 WL 2663241, at *4 (E.D. Okla. Mar. 28, 2023). Additionally, Mr. Barrett's 2015 conviction for eluding and escape is the only crime of dishonesty. *See United States v. Crittenden*, No. 23-CR-00018-GKF, 2023 WL 2967891, at *3 (N.D. Okla. Apr. 17, 2023) (citing *United States v. Harper*, No. 22-CR-170-JFH, 2023 WL 396099, at *2 (N.D. Okla. Jan. 25, 2023)). Mr. Barrett's other convictions provide little impeachment value. *See United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998) ("A straight theft offense is not the type of offense involving Rule 609(a)(2), dishonesty or false statement contemplated by that rule"). This factor weighs in favor of exclusion.

2. **Dates of convictions and subsequent history**

All of the convictions listed in the Government's notice are within the ten-year time frame of Rule 609. Because the government does not include Mr. Barrett's older convictions in its notice, Mr. Barrett recognizes that the temporal proximity of these prior convictions weighs in favor of admission.

### 3. Similarity of past crimes

Third, the Court considers the similarity between the past and charged crime, which weighs against admitting the prior conviction for impeachment if the crimes are similar. *United States v. Caldwell*, 760 F.3d 267, 288 (10th Cir. 2014). The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility. *See id.*; *see also United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."); *United States v. Willis*, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same). "[P]roof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant." *United States v. Seamster*, 568 F.2d 188, 191 (10th Cir. 1978).

Mr. Barrett is charged with carjacking, using a firearm in relation to a crime of violence, felon in possession of a firearm, and witness tampering. There is considerable overlap between the elements of the prior convictions and the charged conduct—particularly regarding the larceny of a vehicle, possession of a stolen vehicle, and felon in possession of a firearm convictions—with the only real difference being the use of a firearm in a relation to a crime of violence and witness tampering. The extent to which the elements of these offenses overlap with one another and the prior conviction weighs heavily in favor of exclusion.

### 4. Importance of Mr. Barrett's testimony

In considering the fourth factor, the importance of defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense. See *United States v. Cueto*, 506 F. Supp. 9, 14 (W.D. Okla. 1979); *see also* Anna Roberts, Reclaiming the Importance of the Defendant's Testimony: Prior Conviction Impeachment and the Fight Against Implicit Stereotyping, 83 U. Chi. L. Rev. 835, 837 (2016). If the prior conviction is incredibly damaging or prejudicial, it counsels against admitting the prior conviction.

The similarity between the prior convictions and the charged conduct will likely have a chilling effect on Mr. Barrett's intention to testify, thereby damaging his right to present a full defense. If he chooses to testify, he risks the high likelihood that the jury will associate him with a propensity to commit such crimes. As a result, this factor weighs in favor of exclusion, as it is likely to prejudice the defendant by associating him with stealing vehicles, possessing stolen vehicles, and illegally carrying firearms.

### 5. Centrality of Mr. Barrett's credibility

When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if the defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Caldwell*, 760 F.3d at 288 (quoting Wright & Gold, Federal Practice and Procedure § 6134, at 256); see also *Jessamy*, 464 F. Supp. 3d at 676–77.

Mr. Barrett disputes the victim's version of the event. If he testifies that he did not take the victim's vehicle by force and did not have a firearm, his credibility will be weighed by the jury. However, the nature of his prior convictions poses the risk of further confusing the jury regarding his defense rather than being used to undermine his credibility. For that reason, this factor weighs in favor of exclusion.

## CONCLUSION

Based on the above argument and authority, Mr. Barrett moves this Court to exclude evidence of his prior convictions at his jury trial.

Respectfully submitted,

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**

Julia L. O'Connell, Federal Public Defender

By:  s/ Malia Castillo
Malia Castillo, OBA # 35572
Williams Tower I, Suite 1225
One West Third Street
Tulsa, Oklahoma 74103-3532
Telephone: (918) 581-7656
Fax: (918)-581-7658
E-mail: malia_castillo@fd.org
*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

Mike Flecher
Jessica Wright
Assistant United States Attorneys
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
*Counsel for the Plaintiff*

                                            s/ Malia Castillo
                                            Malia Castillo
                                            *Counsel for the Defendant*