IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>CHRISTOPHER RAY BARRETT, )<br>)<br>Defendant. ) | Case No. 25-CR-024-SEH |

### DEFENDANT'S OBJECTION TO GOVERNMENT'S NOTICE
### TO INTRODUCE EXPERT TESTIMONY

Christopher Barrett, by and through undersigned counsel, objects to the government's notice of intent to introduce testimony pursuant to Rule 16(a)(1)(G), Dkt. No. 93, and moves this Court for an Order to exclude the proffered testimony. The Government's notice indicates that they intend to offer expert testimony in relation to gangs, gang membership, and culture; specifically Oklahoma-based 33-Irish Mob and 57th Street Hovers. Mr. Barrett objects to this testimony as it is not relevant to any issues or facts in this case and it is unfairly prejudicial, misleads the jury, confuses the issues, and wastes time.

### PROCEDURAL BACKGROUND

Mr. Barrett is charged in a Second Superseding Indictment with four counts: Carjacking in violation of 18 U.S.C. § 2119(1); Carrying, Using, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and Conspiracy to Tamper with a Witness, Victim, and Informant in violation of 18 U.S.C. §§ 1512(k) and 1512(b)(1). (Doc. 78). He is charged in Count Four with his codefendants, Jessica Marie Johnson and Katelin Mary Leblanc. Included in the discovery are reports that Mr. Barrett is

associated with the 57th Street Hoover gang and that Ms. Johnson is associated with the Irish Mob. However, the government has not produced any discovery that indicates that the crimes which are charged have anything to do with any gang affiliation or are in anyway "gang" related crimes.

## ARGUMENT AND AUTHORITY

The basic threshold for admission of evidence is whether it is relevant. Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. The only facts that will be "of consequence" at trial of this matter are those that tend to disprove or prove the elements of the charged crimes. Rule 403, however, provides important safeguards for admission of evidence, even if it is relevant, if its probative value is outweighed by the danger of unfair prejudice, misleads the jury, confuses the issues, or wastes time.

Expert testimony is governed by Rule 702 which requires the court to first "determine if the expert's proffered testimony ... has a reliable basis in the knowledge and experience of his discipline." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993). And second, the court must determine if the testimony is "relevant to the task at hand." *Id*. at 597. The government bears the burden of establishing that the expert is qualified and that the testimony "fits the facts of the case and thus will be helpful to the jury." *United States v. Rodriguez*, 125 F. Supp. 3d 1216, 1233 (D.N.M. 2015) (citing *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 881 (10th Cir. 2005)). Additionally, "police officers can testify as experts based on their experience '[b]ecause the average juror is often innocent of the ways of the criminal underworld.'" *United States v.*

*Kamahele*, 748 F.3d 984, 998 (10th Cir.2014) (quoting *United States v. Garcia*, 635 F.3d 472, 477 (10th Cir.2011)). "Expert testimony about a gang's history, territory, colors, hand signs, graffiti use, naming practice, tattoos, structure, membership rules, and similar sociological evidence can assist the jury in understanding and evaluating evidence concerning the specific crimes charged." *United States v. Garcia*, 793 F.3d 1194, 1213 (10th Cir. 2015).

While the Tenth Circuit allows gang expert testimony in certain circumstances, any testimony that is outside the facts of the case and does not help the jury in understanding the evidence should be excluded. The Tenth Circuit has allowed testimony of gang affiliation where conspiracy is charged on the theory that the evidence supports the existence of a conspiracy and the relationship between a defendant and other members of the conspiracy. *United States v. Archuleta*, 737 F.3d 1287, 1293–94 (10th Cir. 2013). However, when conspiracy is not charged and there are not factual issues to be determined by a jury regarding a defendant's gang connections, the Tenth Circuit has found the admission of gang evidence to be error. *United States v. Brown*, 288 F. App'x 518, 524 (10th Cir. 2008).

In *Brown*, the Tenth Circuit found error where the government could not support the admission of gang evidence "where the defendant was charged with a non-conspiracy drug crime and there were no factual issues to be determined by the jury regarding defendant's connections to alleged gang members." *Id*. The Court found "the admission of Brown's gang membership had the potential to elicit an unfavorable reaction from the jury increasing the danger of "guilt by association." *Id*. (citing *United States v. McKay*, 431 F.3d 1085, 1093 (8th Cir.2005)).

Here, the evidence that the proposed "gang expert" will testify to is likewise simply irrelevant. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The fact that Mr. Barrett may be in a gang has no bearing on crimes charged in this case. This is not a gang case. This case

involves allegations of a carjacking from an individual that Mr. Barrett believed was robbing the residence where Mr. Barrett was staying. There are no allegations that the alleged victim is in a gang or has gang ties, that drugs or money was involved, or that there was a conspiracy to commit the charged crimes. There is no evidence that other Hoover gang members were involved or that Mr. Barrett's relationship with the codefendant is premised on gang membership. Evidence of Mr. Barrett's gang membership does not have a tendency to make any fact in this case more or less probable.

Furthermore, evidence of gang membership is unfairly prejudicial in this case. The government seeks to introduce this evidence solely to show propensity, which is improper. It implies that because Mr. Barrett is in a gang that he is more likely to have committed this crime. "[G]ang affiliation evidence is not admissible where it is meant merely to prejudice the defendant or prove his guilt by association with unsavory characters." *McKay*, 431 F.3d at 1093. Even if the Court finds the evidence relevant, its probative value is substantially outweighed by danger of unfair prejudice. The testimony will also confuse the issues and mislead the jury. While the allegations in the case may involve gang members, there is no evidence that this is a gang-related crime. The risk of confusing the issues and misleading the jury with expert testimony about gangs is high. Finally, the evidence wastes time. The government does not need to present this evidence, it does not make a fact more or less probable, and it is unfairly prejudicial.

## CONCLUSION

Based on the above argument and authority, Mr. Barrett moves this Court to exclude all expert testimony related to gangs.

Respectfully submitted,

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**

Julia L. O'Connell, Federal Public Defender

By:   s/ Malia Castillo
      Malia Castillo, OBA # 35572
      Williams Tower I, Suite 1225
      One West Third Street
      Tulsa, Oklahoma 74103-3532
      Telephone: (918) 581-7656
      Fax: (918)-581-7658
      E-mail: malia_castillo@fd.org
      *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

Mike Flecher
Jessica Wright
Assistant United States Attorneys
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
*Counsel for the Plaintiff*

 s/ Malia Castillo
Malia Castillo
*Counsel for the Defendant*