IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 25-CR-24-SEH |
| CHRISTOPHER RAY BARRETT, a/k/a "SloMo," | |
| Defendant. | |

### Response in Opposition to Defendant's Objection to Use of Prior Convictions Under 609(a)(1)

The United States provided notice that it seeks to impeach Defendant Christopher Ray Barrett with some of his prior felony convictions. Dkt. No. 94. The government identified eight prior felony convictions it intends to use as impeachment evidence if Barrett chooses to testify:

| Case No. | Charge | Date of Conviction | Date of Release from Confinement |
|---|---|---|---|
| Ottawa County CF-2015-93 | Felon in Possession of Firearm | June 2, 2015<br><br>Revoked on December 8, 2016 | August 2, 2024 |
| Ottawa County CF-2015-293 | Attempting to Elude | October 24, 2016 | August 2, 2024 |
| Ottawa County CF-2015-293 | Attempting to Escape from Arrest | October 24, 2016 | August 2, 2024 |
| Ottawa County CF-2015-293 | Possession of Stolen Automobile | October 24, 2016 | August 2, 2024 |
| Ottawa County CF-2015-294 | Larceny of Automobile (Count One) | October 24, 2016 | Suspended Sentence |

1

| Ottawa County CF-2015-294 | Larceny of Automobile (Count Two) | October 24, 2016 | Suspended Sentence |
| Ottawa County CF-2015-294 | Larceny of Automobile (Count Three) | October 24, 2016 | Suspended Sentence |
| Tulsa County CF-2015-5069 | Larceny of Automobile | March 7, 2018 | August 12, 2021 |

In its Notice, the United States inadvertently included a conviction for Leaving the Scene of an Accident in Ottawa County Case No. 2015-293. This was a misdemeanor offense and the government does not seek to introduce it under 609(a)(1).

Balancing the five *Smalls* factors, the convictions in the above table are admissible to impeach Barrett under Rule 609.

I.   **Impeachment Value**

A testifying defendant "places his credibility at issue and his prior convictions are material evidence that a jury should be permitted to consider when assessing a defendant's credibility." *United States v. Verner*, Case No. 15-CR-0039- CVE, 2015 WL 1528917, at *9 (N.D. Okla. Apr. 3, 2015), *aff'd*, 659 F. App'x 461 (10th Cir. 2016).

As Barrett recognizes, convictions for eluding and escaping are crimes that illustrate dishonesty, which have higher probative value. *See* Dkt. No. 98 at 3, citing *United States v. Crittenden*, No. 23-CR-18-GKF, 2023 WL 2967891, at *3 (N.D. Okla. Apr. 17, 2023). However, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to

2

impeach the defendant with the convictions if he testifies at trial." *Verner*, 2015 WL 1528917, at *8 (citing *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)).

Proving Barrett's carjacking and brandishing of a firearm hinges almost exclusively on witness testimony, and the jury will need to assess the credibility of each witness who testifies about the events of December 29, 2024, including Barrett. The prior convictions are probative of Barrett's truthfulness and will assist the jury in assessing his credibility if he chooses to testify.

## II.   Date of Conviction

Because the above convictions or his release from confinement were within the last ten years, they are presumptively admissible under Rule 609. Barrett concedes this factor weighs in favor of admission. *See* Dkt. No. 98 at 3.

## III.   Similarity

Most of the proffered convictions are dissimilar from the current charges and therefore favor admission. Barrett's convictions can be broken into three groups based on their nature: (1) his convictions for attempting to elude and attempting to escape; (2) his four convictions for larceny of an automobile and one conviction for possession of a stolen vehicle; and (3) his conviction for felon in possession of a firearm.

First, Barrett's convictions for attempting to elude and attempting to escape bear no similarity to the current charges. Accordingly, there is no danger that the jury will consider these past crimes as evidence of Barrett's willingness to commit the charged offenses.

Second, Barrett's argument that there is "considerable overlap between the elements" of his prior convictions for possession of a stolen vehicle and larceny of a vehicle and the charged conduct misses the mark. The elements required to prove a carjacking are wholly distinct from possessing a stolen vehicle or stealing an automobile.

**Elements**

| Possession of a Stolen Vehicle | Larceny of an Automobile | Carjacking |
|---|---|---|
| 1. A person not entitled to possession of a vehicle;<br><br>2. Received or possessed or concealed or disposed of the vehicle;<br><br>3. Knowing it was stolen.<br><br>*Source*: OUJI-CR 5-117. | 1. Taking;<br><br>2. Carrying away;<br><br>3. An automobile;<br><br>4. Of another;<br><br>5. With the intent to steal.<br><br>*Source*: OUJI-CR 5-100. | 1. The defendant took a motor vehicle **from a person or the presence of another person**;<br><br>2. The defendant did so **by means of force and violence or intimidation**;<br><br>3. The motor vehicle had been transported, shipped, or received in interstate or foreign commerce; and<br><br>4. The defendant **intended to cause death or serious bodily harm**.<br><br>*Source*: 10th Circuit Pattern Criminal Jury Instruction 2.79 (emphasis added). |

Possession of a stolen vehicle does not even require proof that the defendant *took* the car, only that he had it and knew it was stolen. Larceny of an automobile does not require proof that the defendant took the car from a person or used force or intimidation.

In contrast, a carjacking is inherently a violent crime. It requires proof that the defendant took the vehicle from a person by means of force and violence or intimidation and that he intended to cause the victim death or serious bodily harm. Possession of a stolen vehicle and larceny of an automobile are "dissimilar enough" from the carjacking, brandishing a firearm, felon in possession, and witness tampering charges "such that a jury would not convict [Barrett] on the basis of propensity reasoning." *See United States v. Smalls*, 752 F.3d 1227, 1239–40 (10th Cir. 2014). Based on Barrett's statements after his arrest, the government does not believe that he will contest that he took the car from the victim. Rather, the crux of the carjacking charge is whether he did so by force and violence or intimidation and whether he intended to cause death or serious bodily harm to the victim. Accordingly, the carjacking charge bears no resemblance to his prior convictions for possession of a stolen vehicle and larceny of an automobile.

The final prior conviction at issue—felon in possession—is clearly similar to the charged conduct. Nonetheless, the Court can give a limiting instruction to ensure the jury understands that the conviction is relevant only to their consideration of his credibility and not to be used for propensity purposes. And similarity is just one factor for the Court to consider and not alone a bar to admission. In *Verner*, the court

5

admitted a prior drug conviction against a defendant in a drug case, finding that the details of the conviction would not be used, his credibility would be a significant factor at trial and his prior convictions were material evidence relevant to his credibility, and a limiting instruction could be given. *Verner*, 2015 WL 1528917, at *9.

### IV.  Importance of Defendant's Testimony & Centrality of His Credibility

The fourth and fifth factors also support admission. Barrett argues that admitting his prior convictions will have a chilling effect but does not indicate how important his testimony is to his defense. Certainly, there are ways for Barrett to defend this case without testifying, such as through cross-examination of the government's witnesses. Regardless, if his testimony is important, his credibility becomes central. Barrett argues that he "disputes the victim's version of the event" and offers that he could testify that "he did not take the victim's vehicle by force and did not have a firearm." Dkt. No. 98 at 6. Barrett's credibility is thus central to the trial, and jurors should have the information they need to properly assess his credibility. *See United States v. Johnson*, 720 F.2d 519, 522 (8th Cir. 1983).

## Conclusion

On balance, the *Smalls* factors weigh in favor of admission, and the Court should therefore overrule Barrett's Objection to Use of Prior Convictions Under 609(a)(1).

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Jessica Wright*
Jessica Wright, CA Bar No. 301838
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## Certificate of Service

I hereby certify that on November 17, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF recipients:

Malia Castillo
Chance Cammack
Whitney Mauldin
*Attorneys for Defendant Barrett*

*/s/ Jessica Wright*
Jessica Wright
Assistant United States Attorney